# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THERESA TALOFF,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>CAROLYN W. COLVIN, Acting  )<br>Commissioner of Social Security,  )<br>  )<br>    Defendant.  ) | No. 12 cv 01696<br><br>Magistrate Susan E. Cox |

## MEMORANDUM OPINION AND ORDER

Plaintiff Theresa Taloff ("plaintiff") seeks an award of attorneys' fees and costs under the Equal Access to Justice Act ("EAJA").[1] The Commissioner of the Social Security Administration (the "Commissioner") opposes plaintiff's motion.[2] For the reasons set forth below, the Court grants the motion and awards attorneys' fees and costs in the amount of $12,099.90.

## I. BACKGROUND

The facts of this case are discussed in detail in the Court's April 11, 2013 Memorandum Opinion and Order[3] and thus are only briefly restated here. Plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act on October 12, 2007.[4] She claimed disability on the basis of fibromyalgia, arthritis of the back, and thyroid

---

[1] 28 U.S.C. § 2412; dkt. 27.
[2] Dkt. 30.
[3] *See Taloff v. Astrue*, 1:12-CV-01696, 2013 WL 1499027 (N.D. Ill. Apr. 11, 2013); dkt 25.
[4] R. at 263–66, 267–76.

disease.⁵ Ultimately, Administrative Law Judge ("ALJ") Sylke Merchan denied plaintiff's claim for DIB in a written decision dated October 28, 2010.⁶ Plaintiff appealed that decision to this Court, and on April 11, 2013, the Court granted summary judgment in favor of the plaintiff and remanded the case for further administrative proceedings.⁷

In her motion for summary judgment, plaintiff presented four arguments. The Court agreed with one of those arguments⁸ and found that the ALJ failed to explain why no limitations from migraines were established despite extensive evidence in the record indicating that plaintiff suffered from migraines of fluctuating severity since 2003.⁹ Although the ALJ is "not required to mention every piece of evidence" in the record, she is required to "provide an 'accurate and logical bridge' between the evidence and the conclusion that the claimant is not disabled."¹⁰ Here, the ALJ concluded that plaintiff's migraines were "generally controlled on medication," yet failed to note that plaintiff's migraines were severe enough for her to seek treatment from a neurologist, Dr. Birjari, who reported several times that various medications failed to reduce the severity or frequency of plaintiff's headaches.¹¹

The ALJ was also "required to evaluate whether [a claimant's] statements about the intensity and persistence of [her] pain [are] consistent with the available evidence,"¹² and "may not disregard a claimant's testimony about the severity of her symptoms without providing

---

⁵ R. at 286, 291.
⁶ R. at 26–27.
⁷ Dkt. 25.
⁸ The Court's April 11, 2013 Opinion reviewed all four of plaintiff's arguments and made numerous recommendations as to each of them on remand. However, the Court only found error with respect to two of plaintiff's arguments, the ALJ's analysis of plaintiff's migraines and her credibility, and therefore limits the discussion to these findings.
⁹ *See* Opinion at 19–20.
¹⁰ *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008) (quoting *Young v. Barnhart*, 362 F.3d 995,1002 (7th Cir. 2004)).
¹¹ Opinion at 21.
¹² *See Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 354 (7th Cir. 2005).

careful analysis."[13] In this case, plaintiff testified at the hearing before the ALJ that her migraines were getting progressively worse, there was evidence in the record that she sought treatment from Dr. Birjari, and evidence that plaintiff sought treatment in an emergency room.[14] Nevertheless, the only analysis the ALJ provided regarding plaintiff's testimony concerned her daily activities. The ALJ provided no assessment of her testimony about migraines and no discussion of her prior substantial treatment for migraines by Dr. Birjari.[15] The Court was therefore unable to determine whether the ALJ had considered the record as a whole and remanded for further clarification.

## II. ANALYSIS

The EAJA provides that a court may award attorney's fees where "(1) the claimant is a 'prevailing party'; (2) the government's position was not substantially justified; (3) no 'special circumstances make an award unjust'; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement."[16] The burden is the government to show that its position was substantially justified.[17] The parties do not dispute that the plaintiff is the prevailing party[18], there are no special circumstances, and the plaintiff's application was timely filed. Rather, the Commissioner argues that fees are not warranted

---

[13] *Phillips v. Astrue*, 601 F. Supp. 2d 1020, 1030 (N.D. Ill. 2009).
[14] *See* Opinion at 20–21.
[15] *Id.*
[16] *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078 (7th Cir. 2000) (citing 28 U.S.C. § 2412(d)(1)(A), (B)).
[17] *Id.* at 1079.
[18] The Court agrees that plaintiff is the prevailing party by virtue of the Court's order remanding the matter back to the Commissioner for further consideration. *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993).

because the Commissioner's position was substantially justified, and in the alternative, if fees are awarded that it should be reduced because the requested number of hours is unreasonable.[19]

### A. Substantial Justification

For a position to be "substantially justified" it must be "justified to a degree that could satisfy a reasonable person."[20] The Court looks to both the government's pre-litigation conduct, including the ALJ's decision, and its litigation position to "make only one determination for the entire civil action."[21] The government has the burden of establishing that its position was substantially justified, and to do so it must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded.[22] When the government's legal position offends the Commissioner's own rules or clearly established legal precedent, its position cannot be said to be "substantially justified."[23]

The Commissioner maintains that the agency's position was substantially justified and that there was a reasonable basis for assuming the ALJ's position should be defended.[24] Rather than addressing the merits of its position, the Commissioner points out that the Court agreed with only one of the four arguments raised by the plaintiff, arguing that the government's error on one point does not mean that it lacked substantial justification for its litigation position during the entirety of the civil action.[25] However, prevailing on a majority of the issues likewise does not

---

[19] Mot. at 1.
[20] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).
[21] *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006).
[22] *Hallmark Const. Co.*, 200 F.3d at 1080.
[23] *See Golembiewski v. Barnhart,* 382 F.3d 721, 724–725 (7th Cir. 2004);
[24] Op. at 4.
[25] Op. at 2 (citing *Jackson v. Chater*, 94 F.3d 274, 297–80 (7th Cir. 1996)).

automatically make the Commissioner's position substantially justified, [26] and we must refrain from "argument counting."[27]

Plaintiff argues that the Commissioner's position is not substantially justified because the ALJ's failure to consider an entire line of evidence regarding plaintiff's migraines was contrary to "'clearly established statutory and court precedent.'"[28] Plaintiff also argues that the Commissioner's position is not substantially justified on the basis that the ALJ failed to properly discuss and explain her credibility determinations regarding plaintiff's testimony.

The ALJ's failure to address evidence of plaintiff's migraines and fully explain her determinations regarding plaintiff's credibility was contrary to established legal precedent. An ALJ may not ignore entire lines of evidence that are contrary to her findings, and must at least minimally articulate her analysis of the evidence in order to produce an informed review.[29] In addition, an ALJ is required to provide give specific reasons for discounting a claimant's credibility.[30] The case law on these two issues is clear and that an ALJ's failure to properly address them is grounds for remand or reversal. The ALJ's errors in these areas are enough for the Court to find that the Commissioner's entire position was not substantially justified, even though the Commissioner defeated two of plaintiff's four arguments on review.[31] As such, the Court finds that the Commissioner's position was not substantially justified and that an award of fees under EAJA is appropriate in this case.

---

[26] *Hallmark Const. Co.*, 200 F.3d at 1080.
[27] *See Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir. 2009).
[28] Mot. at 3 (citing *Pierce v. Underwood*, 487 U.S. 552, 561 (1988)).
[29] *Zurawski v. Halter*, 245 F.3d 881, 887–88.
[30] *Martinez v. Astrue*, 630 F.3d 693 (7th Cir. 2011).
[31] *Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996).

B.  **Determination of Fees**

Plaintiff requests an award of attorneys' fees and costs totaling $12,099.90. The breakdown of the calculation is as follows: 64.8 attorney hours (including 6.5 hours for the reply brief to this motion) at the rate of $184.25 per hour (totaling $11,939.40), 1.5 legal assistant hours at the rate of $95.00 per hour (totaling $142.50), and costs of $18.00.[32] The Commissioner does not dispute the hourly rate requested by plaintiff. The plaintiff bears the burden of showing that the fees requested are reasonable.[33]

The Commissioner advances three arguments for reducing the award of attorney's fees. First, the Commissioner argues that the amount of time billed for the opening and reply briefs was "unreasonable in light of the straightforward issues and size of the record," which contained 796 pages, including 466 pages of medical records.[34] However, in the Court's experience, a 796 page administrative record with 466 pages of medical records is indeed a formidable record to be reviewed. Moreover, courts in this district have found that 40-60 hours is the general range for Social Security disability briefing within the Seventh Circuit.[35] Thus, while plaintiff's request for a total of 64.8 hours is on the high end, the Court finds that it is reasonable in light of lengthy administrative record.

The Commissioner also takes issue with the 3.6 hours spent by Mr. Schultz and the 1.5 hours spent by Mr. Marvin reviewing and editing the opening and reply briefs prepared by Mr. Dukich, a less experienced attorney.[36] The Commissioner argues that this time is duplicative and cautions the Court not to award fees for training and points out that all three attorneys are billing

---

[32] *See* Ex. C to Mot.; Reply at 9–10.
[33] *See Hensely v. Eckerhart,* 461 U.S. 424, 434 (1983).
[34] Op. at 5.
[35] *See Schulten v. Astrue*, No. 08-C-1181, 2010 WL 2135474 (N.D. Ill. May 28, 2010) (collecting cases).
[36] Op. at 5.

at the same rate. In the Court's view, editing by other attorneys is a common practice that should be encouraged because of the value it provides in improving the quality of submissions to the Court. The Court therefore finds that the time spent reviewing and editing is justified.

Finally, the Commissioner challenges the 22.5 hours Mr. Dukich spent preparing the reply brief, noting that Mr. Dukich took nearly as much time to draft the reply brief as he did the opening brief.[37] The Commissioner requests that the court reduce that time by 30%, to 15.75 hours. In support, the Commissioner provides one comparative case, *Akhteebo v. Astrue*, No. 07 CV 1093 (N.D. Ill. July 23, 2008), to support its contention that the time spent was unreasonable.[38] *Akhteebo* is easily distinguished from the case at bar. In *Akhteebo*, the plaintiff's fee requested included 11.1 hours for preparation of the reply brief by an attorney with 27 years of experience. The original brief took 14.4 hours and was prepared by an attorney with only seven years of experience. In addition, the administrative record was 356 pages with 230 pages of medical evidence. Magistrate Judge Keys discounted the 11.1 hours requested because the reply brief did not contain any new research, the administrative record was relatively short, and he found it unreasonable that a reply brief by an experienced attorney would take so much time. In the case at bar, the opposite is true. The administrative record is more than twice the size of the record in *Akhteebo*, the reply brief contained additional research, and the plaintiff was responding to a "detailed all out defense" by the Commissioner.[39] Accordingly the Court finds that plaintiff's request for fees is reasonable.

---

[37] *Id.* at 6.
[38] *Id.*
[39] Reply at 7.

## III. CONCLUSION

For the reasons set forth above, the Court finds that the Commissioner's position was not substantially justified and that plaintiff's fees are reasonable. Accordingly, the Court grants plaintiff's motion for attorney's fees in the amount of $12,099.90.

**IT IS SO ORDERED.**

Date:   March 5, 2014                                         /s/ Susan E. Cox_____
                                                              Susan E. Cox
                                                              U.S. Magistrate Judge